IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re the matter of | Chapter 7 |
| Russell Charles-Pierre Buckner Debtor. | Case No. 16 B 21769 |
| Great American Finance Company Plaintiff. v. Russell Charles-Pierre Buckner, Defendant. | Adv. No. 16 A 00574 Judge Jack B. Schmetterer |

## FINDINGS OF FACT & CONCLUSIONS OF LAW

Now comes GREAT AMERICAN FINANCE COMPANY, a creditor herein, by Sherman & Purcell LLP, its attorneys, request that the Court adopt the following Findings of Fact and Conclusions of Law, and enter Judgment in favor of the Plaintiff in this matter:

### **FINDINGS OF FACT**

1. Plaintiff brought this adversary pursuant to 11 U.S.C. §523(a)(2). This Court has jurisdiction over the subject matter of this Complaint as a core proceeding pursuant to the provisions of 28 U.S.C. § 1334 and 157 (b)(2)(1) and 11 U.S.C. § 523 and Venue is proper in this district pursuant to 28 U.S.C. §1409.

2. Great American Finance Company (hereinafter "GAFCo") is a creditor of the Debtor and is a party in interest in the above referenced bankruptcy proceedings.

3. Debtor is an adult individual residing within this District who filed voluntary petition in this Court pursuant to Chapter 7 of the United States Bankruptcy Code on July 6, 2016 (the "Petition Date").

1

4. On or about June 25, 2016, the Debtor entered into a Retail Installment Contract. A copy of the aforementioned contract was attached to the complaint.

5. GAFCo financed the purchase of certain goods being purchased and was given a security interest in those goods being purchased at the time of the purchase.

6. GAFCo has a purchase money security interest in the collateral.

7. The debtor financed furniture that had a cash price of $1,465.88 with a down payment of $ 0 leaving $1,465.88 being financed. The Debtor was to make 24 payments of $83.37 beginning on August 12, 2016 and every 30 days thereafter.

8. The Debtor defaulted by not making any of the payments of $83.37 and when the bankruptcy was filed the current payoff was $1,507.88

9. That the Debtor made no monthly payments under the contract and did not make a down payment. The Debtor has paid nothing on the debt owed to GAFCo.

10. The Debtor took possession of the collateral.

11. The Debtor listed the debt owed to GAFCo on Schedule F as an unsecured creditor when the debtor amended Schedule F on September 2, 2016.

12. The Debtor failed to provide for the secured debt owed to GAFCo on their Schedule D and did not provide for this debt on his statement of intentions.

13. The Debtor filed for relief under chapter 7 of the bankruptcy code with 90 days after entering into the retail installment contract with GAFCo. The case was filed 11 days after entering into the retail installment contract.

14. The Debtor filed for relief under chapter 7 of the bankruptcy code prior to the first schedule monthly payment having come due.

15. The Debtor (buyer) has agreed to pay the court costs and reasonable attorney's fees incurred by GAFCo under the terms of the Retail Installment Contract.

16. The Debtor originally failed to schedule the debt owed to GAFCo and only disclosed the bankruptcy on August 23, 2016.

17. The Debtor has indicated that he has no furniture on Schedule B under the penalties of perjury despite the purchase of said furniture 11 days prior to the filing of this case.

18. Pursuant to the debtors schedule I the Debtor has worked at the same job for the last 2 years.

19. The Debtor maintains the same income from her employment as she did at the time she entered into the contract with GAFCo.

20. The debt owed to GAFCo is a consumer debt.

21. The Debtor knew or should have known he did not have the intent or ability to repay GAFCo.

22. The Plaintiff was justified in its reliance upon the Debtor's representations of intent to repay the Plaintiff pursuant to the terms of the Retail Installment Contract.

23. As a proximate result of the Defendant's fraudulent activity the Plaintiff has been damaged in the amount of $1,507.88 plus interest, plus attorneys fees and costs.

24. Based upon all of the above, at the time the Defendant incurred the above indebtedness, the Defendant intended to deceive the Plaintiff in that he either had no intention to repay said debt to the Plaintiff pursuant to the terms of the retail installment contract or the Defendant knew or should have known he had no ability to repay said debt to the Plaintiff pursuant to the terms of the retail installment contract.

25. Based upon all of the above, at the time the Defendant incurred the above indebtedness, the Defendant deceived the Plaintiff in that he made such representations of intent to repay the Plaintiff pursuant to the terms of the retail installment contract and representations of agreement with knowledge that the Defendant was unable to repay Plaintiff or to abide by the terms of the retail installment contract with a reckless disregard as to the truthfulness of said representations.

26. Therefore, the Defendant obtained said money from the Plaintiff by false pretenses, false representation, or actual fraud, and at the time of filing, the debtor owed to the Plaintiff was in the amount of $1,507.88 plus interest, attorneys fees and costs, and for the above reasons, this indebtedness to Plaintiff, Great American Finance Company, is nondischargeable in bankruptcy pursuant to 11 U.S.C. §523(a)(2).

ENTER: JAN 10 2017    JUDGE: [signature]
1/10/17

Christopher H. Purcell
Sherman & Purcell LLP
120 South La Salle Street
Chicago, Illinois 60603
312-372-1487
Shermlaw13@aol.com
Attorney for Great American Finance Company

4